Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 8072 | **DATE** | 12/6/2000 |
| **CASE TITLE** | U.S.A. ex rel Leason vs. Richard Gramley | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: Gramley's motion to dismiss the petition is granted because Leason failed to file the instant petition within the one year statute of limitations required by the Antiterrorism and Effective Death Penalty Act. This case is terminated.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | DEC 11 2000 date docketed | |
| ✓ | Docketing to mail notices. | | 36 |
| ✓ | Mail AO 450 form. | IS docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 00 DEC 10 PM 3:32 | |
| TSA | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.*, MARTIN LEASON, | )<br>)<br>) |
| Petitioner, | )<br>) |
| v. | ) No. 98 C 8072<br>) |
| RICHARD GRAMLEY, | ) Honorable Wayne R. Andersen<br>)<br>) |
| Respondent. | )<br>)<br>) |

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the motion of respondent Richard Gramley to dismiss the petition. For the following reasons, the motion is granted.

## BACKGROUND

Leason is currently incarcerated at the maximum security Stateville penitentiary in Joliet, Illinois. Leason was convicted of first degree murder under the accountability theory for gang related shootings. People v. Leason, No. 1-92-3455, Ill. App. Ct. (1st Dist. December 14, 1994). Leason appealed his conviction and sentence to the Illinois Appellate Court which affirmed his 50 year sentence. Petitioner filed a petition for leave to appeal to the Supreme Court of Illinois which was denied on May 5, 1995.

On October 12, 1995, Leason filed a petition for post conviction relief in the Circuit Court of Cook County. The post-conviction petition was denied. Leason appealed the denial of his post-conviction petition to the Illinois Appellate Court. People v. Leason, No. 1-96-0186, Ill. App. Ct. (1st Dist. Jan. 31, 1997). The Public Defender filed a motion for leave to

withdraw as appellate counsel pursuant to Pennsylvania v. Finley, 481 U.S. 551 (1987), because no appealable issues remained. The Illinois Appellate Court granted the motion to withdraw and affirmed the Circuit Court's decision on January 21, 1997. On June 8, 1998, Leason filed a motion to file a late petition for leave to appeal to the Supreme Court of Illinois. On October 7, 1998, the motion was denied.

Leason filed a petition for a writ of habeas corpus in this court on December 15, 1998. On December 18, 1998, we entered an order striking the petition because petitioner failed to comply with our General Rule 30. We granted Leason until January 19, 1999, to submit an amended petition. On January 11, 1999, Leason submitted the instant amended petition. In the instant petition, Leason asserts several claims, none of which amount to a claim of actual innocence.

## DISCUSSION

Gramley argues that the petition is time barred by the one year statute of limitations found in the Antiterrorism and Effective Death Penalty Act of 1996. 28 U.S.C. §2244(d)(1). The AEDPA states that the counting of the statute of limitations period begins at one of four events.

    (A)    the date on which the judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;
    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The statute also contains an exception that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2).

The denial of Leason's post-conviction petition was affirmed by the Illinois Appellate Court on January 31, 1997. Gramley argues that the time should begin running 21 days after that date because Leason's petition for leave to appeal to the Supreme Court of Illinois was not properly filed. We agree. Under Illinois Supreme Court Rule 315, Leason must have filed his petition within 21 days after the entry of the judgment of the Appellate Court. In order to be "properly filed", a post conviction petition must comply with the time limits on delivery. Artuz v. Bennett, Case No. 99---1238,--- U.S.---, (November 7, 2000) available at http://supct.law.cornell.edu/supct.html/99-1238.ZO.html. In Artuz, the Supreme Court explicitly failed to reach the question of whether exceptions to a timely filing requirement can prevent a late application from being considered improperly filed. Id. at note 2. That analysis clearly shows that a late application, unless excused by the state court, cannot be considered properly filed under the exception to the one year statute of limitations. The petition for leave to appeal to the Supreme Court of Illinois was late and unexcused. Therefore, time began running on Leason's Federal petition for a writ of habeas corpus on February 21, 1997, and the petition became time barred on February 21, 1998. Leason filed his petition nearly ten months later.

Leason argues that the statute of limitations should be tolled. AEDPA's one year rule is a statute of limitations, and therefore, subject to equitable tolling. U.S. v. Marcello, 212

F.3d 1005, 1010 (7th Cir. 2000). Leason argues that the time period for filing the instant petition should be tolled because he was precluded from filing a petition for leave to appeal within the appropriate time frame. Leason sets out two events which he claims excuse his lateness. First, he argues that the Stateville Correction Center law library was closed during the relevant period. Second, he argues that he was transferred to the Hill Correctional Center and the "State lost or misplaced" his legal papers. We will consider both of these arguments as they relate to his lateness in filing a petition for leave to appeal to the Supreme Court of Illinois and his lateness in filing the instant petition before this court.

Leason's contention that the law library was closed cannot form the basis for granting equitable tolling. Included in the reply brief is an affidavit by Manager of the library at Stateville Correctional center. In the affidavit, the Manager states that "to the best of my knowledge and belief as the managing librarian at Stateville, the library at this facility, including the law library, was not 'closed,' during routine hours of operation, between the dates of January 11, 1997 and December 15, 1998." If the law library was not closed, then clearly Leason cannot successfully request that this Court equitably toll the statute of limitations.

Even if the library were closed, we would not toll the statute of limitations based on Leason's argument. Leason has failed to identify any specific citation or resource that he needed in order to finish his petition for leave to appeal to the Supreme Court of Illinois. As the respondent correctly points out, the petition is merely a recitation of issues which Leason could have derived from his brief before the Illinois Appellate Court. Because Leason was no longer in Stateville after February 4, 1998, this argument cannot form the basis for excusing

4

time between February 4, 1998 and December 15, 1998. Therefore, it cannot be the basis for excusing his late filing of the instant petition.

Leason's contention that the state misplaced his legal papers when he was moved from Stateville to Hill Correctional Center could be the basis for equitable tolling. Cole v. Kuhlman, No. 98-2348, 2000 WL 1459028, at *1 (2nd Cir. Oct. 2, 2000)(Unpublished). The records submitted by Gramley show that Leason was not transferred to Hill until February 4, 1998, almost a full year after his petition for leave to appeal to the Supreme Court of Illinois was due. Therefore, his move had nothing to do with filing a late petition to the Supreme Court of Illinois.

This argument cannot excuse petitioner's lateness in filing the instant petition. Equitable tolling should be granted sparingly. Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990). Equitable tolling requires that we find extraordinary circumstances far beyond the litigant's control which prevented timely filing. Marcello, 212 F.3d at 1010. At the time he was moved, Leason only had seventeen days left to present his petition to this Court in a timely fashion. Clearly he received his papers before June 8, 1998, when he filed his motion to file a late petition before the Supreme Court of Illinois. Therefore, even if we granted equitable tolling, Leason should have filed the instant petition on or before June 25, 1998, because that date is seventeen days after he clearly received his materials. Since he filed his petition almost six months after that date, this excuse cannot provide the basis for considering Leason's petition.

Leason also failed to give the Illinois Supreme Court a full and fair opportunity to rule on his claims. By Federal law, petitioners are required to file petitions for discretionary

review in a state supreme court "when that review is part of the ordinary appellate review procedure in the State," such as Illinois. O'Sullivan v. Boerckel, 119 S.Ct. 1728, 1732, 526 U.S. 838 (1999). By filing his petition late, Leason prevented the Illinois Supreme Court from addressing the merits of his claims because, under the Illinois Supreme Court rules, his petition was filed too late. To rule otherwise would be to permit potential Federal petitioners to avoid the Federal requirement of exhaustion by simply doing what this petitioner has done, namely, filing late with the state supreme court and then claiming that its denial of his petition for lateness is tantamount to a meaningful exhaustion of his remedies. We should not permit this.

## CONCLUSION

Gramley's motion to dismiss the petition is granted because Leason failed to file the instant petition within the one year statute of limitations required by the Antiterrorism and Effective Death Penalty Act. This case is terminated.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: December 6, 2000